UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY R. KING,

        Plaintiff,

v.

JAMES KEY, STEPHEN SINCLAIR,

        Defendants.

CASE NO. 3:20-CV-5568-BHS-DWC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff Gary R. King, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Proposed Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by September 11, 2020, to cure the deficiencies identified herein.

Plaintiff also filed a Motion for Extension of Time, requesting an additional 60 days to file a completed Declaration and Application to Procced *In Forma Pauperis* and Written Consent for Payment of Costs by a Prisoner Bringing a Civil Action ("Motion to Proceed IFP"). Dkt. 4. On July 17, 2020, two days after filing the Motion for Extension of Time, Plaintiff filed a

ORDER TO SHOW CAUSE OR AMEND - 1

1 | completed Motion to Proceed IFP. Therefore, the Motion for Extension of Time (Dkt. 4) is
2 | denied as moot.[1]

3 | **I.      Background**

4 | Plaintiff, an inmate housed at the Airway Heights Corrections Center ("AHCC"), alleges
5 | the Washington State Department of Corrections ("DOC") is not properly handling legal mail
6 | received from the courts through the e-filer system. Dkt. 1-1, p. 3.

7 | **II.     Discussion**

8 | Under the Prison Litigation Reform Act of 1995, the Court is required to screen
9 | complaints brought by prisoners seeking relief against a governmental entity or officer or
10 | employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must "dismiss the
11 | complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to
12 | state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant
13 | who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,
14 | 152 F.3d 1193 (9th Cir. 1998).

15 | To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a
16 | violation of rights protected by the Constitution or created by federal statute, and (2) the
17 | violation was proximately caused by a person acting under color of state law. *See Crumpton v.*
18 | *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to
19 | identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266,
20 | 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually
21 | named defendants caused, or personally participated in causing, the harm alleged in the

22
23
---

24 | [1] As it is unclear if Plaintiff can cure the deficiencies of the Proposed Complaint, the Court declines to rule on the Motion to Procced IFP until Plaintiff responds to this Order to Show Cause or Amend.

complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

In the Proposed Complaint, Plaintiff challenges the DOC's process for delivering documents received from the Courts through the e-filer system. Dkt. 1-1, p. 3. Plaintiff contends documents from the Courts are being "passed out like regular mail," not legal mail. *Id*. He asserts inmates do not have to sign for and do not receive a receipt for Court documents and it is unclear if inmates are receiving all their legal mail or if documents are sent to other inmates. *Id*.

Plaintiff has not alleged any constitutional violations. *Id*. He appears to only complain that he is not satisfied with the current system for receiving documents from the Courts. Plaintiff does not allege he has not received documents from the Courts. *Id*. Moreover, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996). As Court documents are not "legal mail," Plaintiff has not shown the DOC's alleged failure to process Court documents in the same manner as "legal mail" is improper. Additionally, Plaintiff has not alleged any allegations against the named Defendants. Plaintiff does not explain what actions Defendants took or failed to take that violated his rights. For these reasons, Plaintiff has failed to state a claim for which relief can be granted as to all Defendants in this action. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

### III. Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes

was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the Proposed Complaint by reference. The amended complaint will act as a complete substitute for the Proposed Complaint, and not as a supplement. *See Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). The Court will screen the amended complaint to determine whether it contains factual allegations linking each Defendant to the alleged violations of Plaintiff's rights.

The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before September 11, 2020, the undersigned will recommend dismissal of this case.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service and copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 11th day of August, 2020.

David W. Christel
United States Magistrate Judge