UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY R. KING,

          Plaintiff,

    v.

JAMES KEY, STEPHEN SINCLAIR, DEPARTMENT OF CORRECTIONS,

          Defendants.

CASE NO. 3:20-CV-5568-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: October 9, 2020

Plaintiff Gary R. King, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Proposed Amended Complaint under 28 U.S.C. § 1915A, the Court concludes Plaintiff has failed to state a claim for which relief can be granted. Accordingly, the Court recommends the Proposed Amended Complaint be dismissed without prejudice, Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 5) be denied as moot, and this case be closed.

**I.    Background**

Plaintiff, an inmate housed at the Airway Heights Corrections Center ("AHCC"), alleges the Washington State Department of Corrections ("DOC") is not properly handling legal mail received from the courts through the e-filer system. Dkt. 7.

REPORT AND RECOMMENDATION - 1

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633.

### A. Failure to State a Claim

In the Proposed Amended Complaint, Plaintiff challenges the DOC's process for delivering documents received from the courts through the e-filer system. Dkt. 7. Plaintiff contends documents from the courts are being are not being treated like legal mail. *Id.* He asserts inmates do not have to sign for and do not receive a receipt for court documents and it is unclear if inmates are receiving all their court documents or if documents are sent to other inmates. *Id.* He states he has

1  had documents from this Court provided to him from other inmates. *Id*. Plaintiff argues the DOC
2  policies do not ensure court documents are properly protected. *Id*.

3        Plaintiff has not alleged any constitutional violations. *Id*. He appears to only complain that
4  he is not satisfied with the current system for receiving documents from the courts. While Plaintiff
5  states he received a few documents from other inmates, Plaintiff does not allege that he has not
6  received documents from the courts. *Id*. He also has not alleged he is being denied access to the
7  courts or has been harmed as a result of the current DOC processes. *Id*. For example, Plaintiff has
8  not alleged he missed any court deadlines. *Id*. Moreover, "[m]ail from the courts, as contrasted to
9  mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir.
10  1996). As court documents are not "legal mail," Plaintiff has not shown the DOC's alleged failure
11  to process court documents in the same manner as "legal mail" is improper.

12        Additionally, Plaintiff has not sufficiently alleged Defendants Key and Sinclair personally
13  participated in any alleged constitutional violations. Plaintiff alleges only that Defendants Key and
14  Sinclair govern all DOC employees and rules for DOC institutions. Dkt. 7, p. 6. Plaintiff does not
15  explain what actions Defendants Key and Sinclair took or failed to take that violated his rights.
16  Rather, Plaintiff provides conclusory allegations alleging Defendants Key and Sinclair are liable
17  because they hold supervisory positions. This is not sufficient to state a claim against Defendants
18  Key and Sinclair. *See City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989) (a § 1983 suit cannot
19  be based on vicarious liability alone, but must allege the defendant's own conduct violated the
20  plaintiff's civil rights); *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir.
21  1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state §
22  1983 claims).

23        For these reasons, Plaintiff has failed to state a claim for which relief can be granted.

24

    B.  <u>Improper Defendant</u>

Plaintiff also names the DOC as a Defendant. Dkt. 7. The DOC is not a proper Defendant in this action. Section 1983 applies to the actions of "persons" acting under the color of state law. The DOC, as an arm of the state of Washington, is not a "person" for purposes of a § 1983 civil rights action. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the state of Washington has waived its Eleventh Amendment immunity in federal courts. Therefore, the DOC is a state agency which cannot be sued under §1983.

    C.  <u>Conclusion</u>

For the above stated reasons, the Court finds Plaintiff's Proposed Amended Complaint fails to state a claim upon which relief can be granted.

### III.    Leave to Amend

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Plaintiff has been allowed to amend his Proposed Complaint and the Court instructed Plaintiff regarding the deficiencies of his Proposed Complaint. *See* Dkt. 6. The deficiencies identified in the Proposed Complaint are still present in the Proposed Amended Complaint. *See* Dkt. 1-1, 6, 7. While Plaintiff provided a few additional facts in the Proposed Amended Complaint, Plaintiff did not substantively change his claims as alleged in the Proposed Complaint.

The Court finds Plaintiff has failed to allege facts sufficient to show Defendants are liable under § 1983. Furthermore, the Court finds it is clear from the Proposed Amended Complaint that Plaintiff cannot overcome the deficiencies of his Proposed Amended Complaint by an

additional amendment. Accordingly, the Court recommends Plaintiff not be given additional leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

## IV.   Conclusion

For the above stated reasons, the undersigned recommends this case be dismissed without prejudice for Plaintiff's failure to state a claim. The Court also recommends Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 5) be denied as moot. As Plaintiff has failed to state a claim upon which relief can be granted, the Court recommends this dismissal count as a strike. *See* 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 9, 2020, as noted in the caption.

Dated this 18th day of September, 2020.

David W. Christel
United States Magistrate Judge